UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ESTHER GERALDINE FRANKLIN, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | Nos. 3:18-CV-353, |
| | ) | 3:14-CR-46 |
| UNITED STATES OF AMERICA, | ) | REEVES/POPLIN |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Esther Geraldine Franklin's ("Franklin") motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Doc. 1]. [Criminal Doc. 103].[1] Pursuant to § 2255(b) and Rule 4 of the Rules Governing Section 2255 Proceedings ("§ 2255 Rules"), this Court has conducted a preliminary review of the motion.[2] For the reasons that follow, Franklin's § 2255 motion will be denied and this action dismissed.

**I.     Background**

On April 30, 2015, Franklin was sentenced to 120 months imprisonment after pleading guilty to charges brought against her for her role in a drug conspiracy in which she sponsored several individuals to buy pills from pain clinics and bring them to her for distribution in the community.

---

[1] All citations to the record are found on the instant civil docket. The related criminal docket may be found in Case No. 3:17-cr-00013-PLR-DCP-10.

[2] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain her claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

1

Franklin's guilty plea was made pursuant to a plea agreement. [Doc. 45]. In her plea agreement, Franklin waived of most of her appellate rights, along with a waiver of the right to file any motions or pleadings pursuant to § 2255 except as to "claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment." [*Id.*, p. 7, ¶ 10(b)].

On December 6, 2014, the Court conducted a change of plea hearing. At that hearing, the Court confirmed that Franklin understood the charges to which she was pleading guilty. [Doc. 49]. The Court also confirmed Franklin's understanding of the waiver of most of her appellate and § 2255 rights. [*Id.*].

On April 30, 2017, Franklin was adjudged guilty of: (1) Conspiracy to distribute Oxycodone, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(C), for which she received a 60-month sentence; (2) Being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), for which she received a 60-month sentence concurrent to the previous charge; and (3) Possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), for which she received a 60-month sentence consecutive to the previous charges. [Doc. 91]

Franklin did not appeal her conviction and sentence. However, she did file a motion to reduce her sentence pursuant to Amendment 794 of the United States Sentencing Guidelines [Doc. 95], which was denied [Doc. 98]. She also filed a motion for reconsideration of the denial [Doc. 100], which was also denied [Doc. 102].

On August 24, 2018, Franklin filed this motion pursuant to 28 U.S.C. § 2255, seeking to vacate her conviction and sentence for the charge of possession of a firearm in furtherance of a drug trafficking crime under the precedent set forth in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

This matter is ripe for review due to the Courts obligation to conduct a preliminary review of the motion. *See* 28 U.S.C. § 2255(b); § 2255 Rule 4.

## II. Standard of Review

The relief authorized by 28 U.S.C. § 2255 "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). She "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Further, under 28 U.S.C. § 2253(c)(1)(B), a final order in a proceeding under 28 U.S.C. § 2255 may not be taken unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1)(B). Rule 11 of the § 2255 Rules states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." § 2255 Rule 11. A certificate of appealability may be issued only if there is a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

## III. Analysis

Through her § 2255 motion, Franklin asks the Court to invalidate her conviction under 18 U.S.C. 924(c), arguing that *Dimaya* provides a legal basis to do so. However, Franklin waived the right to bring her § 2255 motion, the motion is untimely, and *Dimaya* does not provide a substantive basis for relief.

3

### A. Waiver

First, Franklin waived the right to file the § 2255 motion before the Court. In paragraph 10(b) of her plea agreement, Franklin waived her right to file a motion to vacate, except as to claims of ineffective assistance and certain prosecutorial misconduct.

Plea-agreement waivers of § 2255 rights are generally enforceable. *See Davila v. United States*, 258 F.3d 448, 450–51 (6th Cir. 2001). Indeed, "[i] is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *Id.* (quoting *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001)). To be a valid waiver the defendant must enter into the waiver agreement knowingly, intelligently, and voluntarily. *Id.* (

Here, Franklin does not contest the validity of her plea-agreement waiver of her § 2255 rights. Moreover, it is the Court's practice to specifically confirm under oath a defendant's waiver of any appellate or § 2255 rights included in a plea agreement, and the Court has no reason to believe that it did not do so in this instance. Consequently, the Court has no basis to find Franklin's waiver invalid. Consequently, the Court concludes that Franklin waived her right to bring this § 2255 motion. *See Taylor v. United States*, No. 3:17-CV-263-TAV, 2019 WL 2396567, at *1 (E.D. Tenn. June 6, 2019) (finding that a petitioner's plea-agreement waiver of his § 2255 rights barred his § 2255 motion because he did not challenge the voluntariness of his plea agreement).

### B. Timeliness

Second, Franklin's § 2255 motion is not timely. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions pursuant to § 2255 are subject to a one-year statute of limitations, running from one of four dates. 28 U.S.C. § 2255(f)(1)-(4). Usually, the date on which the judgment of conviction becomes final is the relevant date. 28 U.S.C. § 2255(f)(1). However, a new statute of limitations is triggered for claims based on a right which "was initially

4

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Here, the judgment was issued on April 30, 2015, and Franklin did not appeal. Consequently, her judgment became final 10 days later, on May 10, 2015. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) ("an unappealed federal criminal judgment becomes final ten days after it is entered, for purposes of the § 2255 statute of limitations"). Franklin's § 2255 motion was signed, and thus filed, on August 14, 2018—(under the mailbox rule in *Houston v. Lack*, 487 U.S. 266 (1987), *see also Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999)) (applying the *Houston* prison mailroom filing rule to § 2255 motion based on the date of signing)—more than three years after the date on which the one-year statute of limitations under § 2255(f)(1) elapsed. In short, Franklin's judgment became final more than one year before this § 2255 motion was filed, and it is untimely on that basis.

However, Franklin brings her § 2255 motion under *Sessions v. Dimaya* and alleges that her motion is timely because it was filed within one year of *Dimaya*, which was issued on April 17, 2018. 138 S. Ct. 1204 (2018). Under subsection three of AEDPA, a petition is timely so long as it is filed within one year after the Supreme Court issues an opinion newly recognizing a right and holding that it applies retroactively to cases on collateral review. 28 U.S.C. § 2255(f)(3).

But *Dimaya* is inapplicable to Franklin's motion and cannot save the untimeliness of her motion. The relevant criminal statute provides for enhanced sentencing for defendants who, "during and in relation to any crime of violence *or* drug trafficking crime," either "uses," "carries" or, "in furtherance of any such crime, possesses" a firearm. 18 U.S.C. § 924(c) (emphasis added). Accordingly, Franklin was convicted and sentenced under 18 U.S.C. 924(c)(1)(A)(i) for possession of a firearm in furtherance of a *drug trafficking crime*, not a "crime of violence." In

5

*Dimaya*, the Supreme Court addressed the residual clause of 18 U.S.C. § 16(b), which defines a "crime of violence" as used in various federal statutes, as applied to the Immigration and Nationality Act. *Dimaya*, 138 S. Ct. at 1216. *Dimaya* did not in any way interpret the definition of a "drug trafficking crime" under section 924(c)(2), and Franklin cites to no authority extending the vagueness analysis of *Dimaya* to section 924(c)(2) on collateral review. Consequently, *Dimaya*, which did not pertain to "drug trafficking crime[s]," cannot not operate to reset the one-year limitations period here. *See Schaeffer v. United States*, No. 3:16-CV-575-TAV-DCP, 2019 WL 3535858, at *8 (E.D. Tenn. Aug. 2, 2019); *Ross v. United States*, No. 2:13-CR-00214, 2019 WL 2527369, at *3 (S.D.W. Va. May 28, 2019), *report and recommendation adopted*, No. 2:13-CR-00214, 2019 WL 2537411 (S.D. W. Va. June 18, 2019).

In sum, Franklin's § 2255 motion is untimely under both § 2255(f)(1) and (3), and, because the remaining subsections are inapplicable, the instant § 2255 motion is time-barred.

### C. Merits

Lastly, for the same reason that *Dimaya* cannot salvage the timeliness of Franklin's motion, it cannot provide a basis for relief. Again, *Dimaya* addressed "crime[s] of violence," not drug trafficking crimes. 18 U.S.C. 924 defines "drug trafficking crime" as "any felony punishable under the Controlled Substances Act [21 U.S.C. §§ 801 *et seq*.]." 18 U.S.C. 924(c)(2). Franklin's guilty plea to conspiracy to distribute Oxycodone is the kind of "drug trafficking crime" included in the statute and left undisturbed by the Supreme Court's holding in *Dimaya*.[3] Consequently, Franklin's motion is deficient on the merits.

---

[3] It is for this same reason that Franklin's citation to *United States v. Lovo*, 263 F. Supp. 3d 47, 49 (D.D.C. 2017), also provides no basis for relief.

6

### D. Certificate of Appealability

Finally, the Court must consider whether to issue a certificate of appealability ("COA") should Franklin file a notice of appeal. A petitioner may appeal a final order denying a § 2255 motion only if she is issued a COA, and a COA should issue only where the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(a), (c)(1)(B), (c)(2). When a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Franklin has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's findings as to Franklin's claim. Because Franklin has failed to make such a showing, a COA **SHALL NOT ISSUE**.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Franklin leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(3)(A).

### IV. Conclusion

In light of the foregoing, this § 2255 action will be **DISMISSED** with prejudice. A certificate of appealability **SHALL NOT BE ISSUED**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed in forma pauperis on appeal. An order consistent with this Memorandum Opinion will be entered.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**